UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OROS & BUSCH APPLICATION TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:12-cv-00959 |
| CHARLES GOLDEN AND GABRIEL TIMBY, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION HEARING**

Defendants/Counterclaimants Charles Golden and Gabriel Timby (collectively, "Defendants"), by and through counsel, hereby file this Memorandum in Opposition to Plaintiff Oros & Busch Application Technologies, Inc.'s ("Plaintiff") Motion for Preliminary Injunction Hearing ("Motion").

**PRELIMINARY STATEMENT**

Defendants terminated their employment with Plaintiff on April 23, 2012 and have worked for Terra Renewal Services, Inc. ("TRS") since April 30, 2012.  That has been the status quo for almost a year.  Plaintiff now moves, for the first time, and almost a year after Defendants started working for TRS, for a preliminary injunction and requests a hearing date of April 30, 2013, the purpose of which is to enjoin Defendants from continuing their TRS employment.  The trial of this matter is set for January 24, 2014, less than 10 months away.  Plaintiff's unreasonable delay and abject failure to act with any urgency in pursuing a preliminary injunction belies and fatally undermines any claim that Plaintiff will suffer irreparable harm

absent the extraordinary remedy of a preliminary injunction. This reason alone precludes preliminary injunctive relief, without the need of an evidentiary hearing

Alternatively, if the Court finds that a preliminary injunction hearing is necessary, Defendants oppose Plaintiff's proposed date of April 30, 2013. Defendants just received Plaintiff's written discovery following 2 extensions totaling 45 days[1] (which includes over 5,300 pages of documents; Defendants recently produced over 35,000 pages of documents), no depositions have taken place and experts have not yet been disclosed (per the Scheduling Order, Defendants' experts are not required to be disclosed until June 10, 2013). Given Plaintiff's 11 month delay in seeking a preliminary injunction hearing, there is no justifiable reason to now create a discovery "fire drill" which would require the acceleration of multiple depositions and other discovery in order for Defendants to adequately prepare for the proposed hearing date of April 30, 2013. Moreover, a potential key witness of Defendants is unavailable to testify on April 30, 2013, and Defendants' lead counsel will be heavily engaged over the next 2 months with multiple depositions and other discovery in preparation for a 3-day preliminary injunction hearing commencing May 22, 2013, that was scheduled prior to Plaintiff requesting an April 30 hearing date.

Accordingly, and only in the event this Court determines that a preliminary injunction hearing is required, Defendants request that the said hearing be set for sometime after July 22, 2013, when the necessary discovery will have been completed or at least substantially farther along.

## UNDISPUTED FACTS

On April 23, 2012, Defendants terminated their employment with Plaintiff and began working at Terra Renewal Services, Inc. ("TRS") on April 30, 2013, where Defendants have

---

[1] Due to the voluminous nature of Defendants' production, Defendants requested and obtained similar extensions from Plaintiff.

remained employed ever since. (Doc. No. 1). Plaintiff claims to have known about Defendants' intention to join TRS within 2 days after Defendants resigned from Plaintiff[2]. (Complaint at ¶¶ 32-33, Doc. No. 1). On May 3, 2012, Defendants filed suit against Plaintiff in Pope County, Arkansas (the "Arkansas Matter"), seeking declaratory relief relating to the enforceability of certain non-compete provisions in several agreements between Defendants and Plaintiff. (Doc. Nos. 14 & 1). On May 25, 2012, Plaintiff filed the instant Complaint wherein it requested, among other relief, a preliminary injunction enjoining Defendants from working at TRS. (Doc. No. 1). On July 1, 2012, Plaintiff filed in the Arkansas Matter a Motion to Dismiss or Transfer Defendants' Petition. (*see* Doc. No. 13). On July 9, 2012, Defendants filed a motion to stay the instant proceedings pending the disposition of Plaintiff's Motion to Dismiss or Transfer, to which Plaintiff consented on July 13, 2012. (Doc. No. 16).

The Arkansas Matter was dismissed without prejudice on December 6, 2012 (*see* Status Report, Doc. No. 21), and the stay in the instant action was lifted on December 10, 2012. (Doc. No. 22). On March 15, 2013, some 9 months after Plaintiff filed its Complaint and nearly 11 months after Defendants began working for TRS, Plaintiff, for the first time, filed a motion seeking a preliminary injunction hearing date of April 30, 2013. (Doc. No. 40).

## ARGUMENT

I. **THE UNDISPUTED FACTS ESTABLISH THAT PLAINTIFF UNREASONABLY DELAYED MOVING FOR A PRELIMINARY INJUNCTION HEARING, WHICH, AS A MATTER OF LAW, CONTRAINDICATES IRREPARABLE HARM AND PRECLUDES INJUNCTIVE RELIEF, WITHOUT THE NEED FOR AN EVIDENTIARY HEARING.**

Issuance of a preliminary injunction involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the

---

[2] Defendants do not have sufficient information or knowledge to admit or deny when Plaintiff first learned of Defendants' intention to join TRS and therefore preserve their right to deny the same.

injunction will inflict on other parties to the case; (3) the probability that movant will succeed on the merits; and (4) the public interest. *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 737 (8th Cir. 2002). A threat of irreparable harm must exist for a preliminary injunction to issue. *Id*. at 740; *see also Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 n.5 (8th Cir. 2008) (en banc) ("[I]n some cases, lack of irreparable injury is the factor that should begin and end the . . . analysis."). Notably, when a court grants the extraordinary remedy of a preliminary injunction, it does so to preserve the status quo pending trial in order to avoid irreparable harm that would be suffered without such judicial intervention. *See, e.g., Braun v. Earls*, 2012 WL 4058073 at *1 (E.D. Mo. Sept.14, 2012).

Numerous courts, both inside and outside the Eighth Circuit, have denied or upheld the denial of a preliminary injunction on the basis of delay alone, recognizing that unreasonable delay undermines any claim of irreparable injury. *See*, *e.g.*, *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 603 (8th Cir. 1999) (unreasonable delay in seeking preliminary relief "belies any claim of irreparable injury pending trial"); *see also CHS, Inc. v. PetroNet*, Civ. No. 10-94 (RHK/FLN), 2010 WL 4721073 at *3 (D. Minn. Nov. 15, 2010) (delay of seven months after the filing of complaint in which injunctive relief was sought before moving for preliminary injunction "undermine[d] any suggestion that [the plaintiff would] be irreparably harmed without Court intervention").[3]

---

[3] In *Safety-Kleen Systems, Inc. v. Hennkens*, the Eighth Circuit found that an employer's seven-month delay in seeking injunctive relief against an employee under a non-compete clause was not unreasonable, but for reasons entirely distinguishable from the instant case. In *Safety-Kleen*, the court recognized that it had taken seven months for the plaintiff to "learn of [defendant's] competitive activity, marshal its case for a preliminary injunction, and file" its complaint, but noted that plaintiff, upon filing, pursued "an immediate preliminary injunction hearing." 301 F.3d 931, 936 (8th Cir. 2002). The case in *Safety-Kleen* was filed on March 19, 2002, and the preliminary injunction hearing took place less than 3 weeks later on April 3, 2002. *Id.* Here, while Plaintiff sought injunctive relief in its Complaint and claimed to be aware of the alleged

By its own admission, Plaintiff claims to have known of Defendants' intention to work for TRS within two days after Defendants resigned from Plaintiff on April 23, 2012.  Plaintiff filed suit in this Court on May 25, 2012, and instead of immediately moving for a temporary restraining order or a preliminary injunction, Plaintiff consented to a stay of this action, which remained in effect, unchallenged by Plaintiff, until the Arkansas Matter was dismissed on December 6, 2012.  And even after the dismissal of the Arkansas Matter, Plaintiff still waited more than 3 months to move for a preliminary injunction and requested a hearing date more than 4 months out from the lifting of the stay (a year after Defendants starting working for TRS and 11 months after Plaintiff filed suit).  While Plaintiff claims, in its Motion, that it was "unable to seek a more prompt injunction," the undisputed evidence indicates just the opposite -- that Plaintiff purposefully avoided and otherwise delayed a prompt injunction for nearly a year.[4]

In light of the foregoing, this Court need not hold an evidentiary hearing regarding Plaintiff's request for a preliminary injunction, as there are no disputed material facts concerning Plaintiff's unreasonable delay in seeking an injunction hearing, which finding alone negates irreparable harm and precludes injunctive relief.[5]  "An evidentiary hearing is required prior to

---

competitive activity at the time of filing, it failed to move for a preliminary injunction hearing until nearly a year later.

[4] Plaintiff erroneously asserts in its motion (Doc. No. 40, at fn.1) that "the parties agreed, as did the Court" that discovery was somehow required to determine the necessity of a preliminary injunction. Defendants do not recall the Court endorsing this proposition, and Defendants certainly did not agree that discovery would somehow justify Plaintiff's need for a preliminary injunction.  To the contrary, Defendants have always maintained the position that Plaintiff's delay in seeking a preliminary injunction is sufficient reason alone to deny such extraordinary relief.  Moreover, Plaintiff has not suggested any facts revealed in discovery that would now justify the urgent need for a preliminary injunction hearing; rather, Plaintiff relies solely on facts that were alleged in its Complaint nearly 11 month ago. (*See* Doc. No. 40, at ¶ 5 (incorporating the Complaint "as suggestions in support of" Plaintiff's Motion.)).

[5] If the Court finds that Plaintiff's delay in seeking a preliminary injunction hearing is not sufficient, by itself, to deny Plaintiff's request for injunctive relief, then Defendants reserve their

issuing a preliminary injunction only when a material factual controversy exists." *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 744 (8th Cir. 2002); *see also Anderson v. Jackson*, 556 F.3d 351, 360-61 (5th Cir. 2009) (upholding the district court's denial of a preliminary injunction without a hearing and noting that "[t]he district court did not rely on any disputed facts in determining whether the injunction should issue.").

## II.   ALTERNATIVELY, IN THE EVENT THE COURT DETERMINES THAT A PRELIMINARY INJUNCTION HEARING IS REQUIRED, THE HEARING DATE SHOULD BE SET AFTER JULY 22, 2013.

If the Court finds that a preliminary injunction hearing is necessary, it should be held sometime after July 22, 2013, to allow discovery to run its necessary and normal course. As noted earlier, Defendants and Plaintiff just exchanged their first round of document production (totaling over 40,000 pages of documents) following several mutually requested and agreed extensions, none of which were intended to delay or hinder these proceedings. No depositions (fact or expert) have occurred, as the parties (at least Defendants) are waiting to review and analyze the written discovery before proceeding with depositions.

Critically, because one element Plaintiff must prove (among others) to obtain injunctive relief is a "likelihood of success on the merits," the preliminary injunction hearing, if conducted, will address the heart of the underlying dispute - the enforceability of the non-compete provisions.  Considering that Defendants' very livelihood is at stake and the absolute lack of urgency Plaintiff has exhibited for almost a year relative to the need for injunctive relief, the hearing date should be postponed to <u>after July 22, 2013</u>, to allow Defendants the necessary time to complete discovery, including without limitation deposing any fact and any expert witnesses, and to otherwise properly prepare for such a significant hearing. '

---

right to challenge and otherwise oppose, at a preliminary injunction hearing, each and every element Plaintiff must prove to establish a right to injunctive relief.

## **CONCLUSION**

For the foregoing reasons, Defendants request that this Court deny Plaintiff's Motion for a Preliminary Injunction Hearing and deny Plaintiff's request for injunctive relief, or, in the alternative, set the preliminary injunction hearing for sometime after July 22, 2013, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

SNR DENTON US LLP

By: */s/ Grant J. Ankrom*
     Daniel A. Spirn, # 48098
     Grant J. Ankrom, #62053
     One Metropolitan Square, Suite 3000
     St. Louis, MO 63102
     (314) 241-1800
     Fax: (314) 259-5959

Attorneys for Defendants Charles Golden and Gabriel Timby

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2013, the foregoing was served, via the electronic filing system of the U.S. District Court for the Eastern District of Missouri, on the following:

William M. Corrigan, Jr.
Zachary C. Howenstine
Jeremy M. Brenner
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105

                                             */s/ Grant J. Ankrom*